IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUAN SERGIO GALICIA BLANCO<br>155-04 8th Street<br>Howard Beach, NY 11414<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GURUS INDIAN CUISINE, LLC,<br>d/b/a GURU'S INDIAN CUISINE<br>203 N. Sycamore Street<br>Newtown, PA 18940<br>　　and<br>ASHNI KUMAR GURU<br>203 N. Sycamore Street<br>Newtown, PA 18940<br>　　and<br>JOHN DOES 1-3<br>203 N. Sycamore Street<br>Newtown, PA 18940<br><br>　　　　Defendant. | CIVIL ACTION<br><br>No. _____<br><br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

**I. INTRODUCTION**

1. This action has been initiated by Juan Sergio Galicia Blanco (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) to redress violations by Gurus Indian Cuisine, LLC, d/b/a Guru's Indian Cuisine, Ashni Kumar Guru, and other employer management (*hereinafter* collectively referred to as "Defendants," unless indicated otherwise) of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. § 201, *et. seq.*), 42 U.S.C. § 1981, and applicable state law(s). In short, Plaintiff was not properly paid overtime compensation during his period of employment with

Defendants (or other wages). Additionally, Plaintiff was subjected to a very hostile work environment on account of race.

## II. JURISDICTION AND VENUE

2. This action is initiated pursuant to a federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact. This Court would alternatively have jurisdiction under 28 U.S.C. § 1332 due to complete diversity and economic-qualifying claims for relief.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b) (1), venue is properly laid in this district because Defendants are residents of this district. And the transactions or occurrences underlying Plaintiff's claims occurred within this District.

## III. PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Gurus Indian Cuisine, LLC, d/b/a Guru's Indian Cuisine (*hereinafter* referred to as "Defendant GIC") is a business entity headquartered in Newtown, Pennsylvania (at the above-captioned address). This entity is incorporated in the Commonwealth of Pennsylvania, and it operates as an Indian Restaurant serving traditional and non-traditional dishes to residents throughout Bucks County, Pennsylvania.

8. Ashni Kumar Guru (*hereinafter* "Defendant Guru") is the owner, an executive, and primary manager overseeing and responsible for Defendant GIC.

9. John Doe is a placeholder for 1-3 individuals who will likely be added and/or amended for inclusion in this lawsuit as individual defendants. Plaintiff worked under Indian Supervisors / Management who referred to themselves as Baba, Babu, and Shukan (spelled phonetically as heard by Plaintiff). Plaintiff is unsure of their legal names, but they participated in the wage violations and hostile work environment, such that they will be appropriate Defendants once their legal identities become known through mandatory disclosures and/or discovery.

10. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

### IV. FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff is a Hispanic male who speaks what would commonly be referred to as "broken" English and understands general discussion or directives. But overall, Plaintiff speaks minimal English.

13. Plaintiff learned that Defendant GIC may be looking for a hard worker to help with labor around its restaurant. Plaintiff was promptly hired after inquiring about employment and told he would work "full time." Plaintiff assumed, as no clarification was given, this meant around 40 hours per week.

14. Due to the COVID-19 pandemic, Plaintiff had to take <u>any</u> job he could find and was desperate for an income. Thus, Plaintiff did not quibble with defined job duties, assured compensation, or other details. Plaintiff is a hard worker, and he simply needed any income he could obtain.

15. Plaintiff commenced employment with Defendants effective on or about August 28, 2020; and in total, Plaintiff was employed with Defendants for approximately 4 months (until separating (by quitting) effective on or about December 31, 2020).

16. Plaintiff quickly came to realize that he was hired to be exploited and overworked for minimal compensation in a very hostile work environment. Plaintiff was the only Hispanic employee in an all-Indian owned and operated restaurant. The particulars of this situation (and claims) are as follows.

**(A) Plaintiff was paid unlawfully, in violation of state and federal laws.**

17. Defendants refused to pay Plaintiff by check, subject to withholdings and instead, only paid Plaintiff cash to avoid local, state and federal tax and other legal regulations.

18. Plaintiff was averaging 75-85 hours of work per week based upon scheduling and dictates for him to be paid and continue working. Plaintiff worked very long days and at least 6 days per week for Defendants.

19. Plaintiff was used for everything in just about any role, such as: (a) unpacking deliveries, truckloads and other packages; (b) continual dishwashing; (c) food prep, cooking, and other kitchen tasks; and (d) cleaning, trash and other janitorial work.

20. Plaintiff was initially paid in cash $550.00 per week, and later, $1,100.00 per every two weeks (the same overall flat rate *per week*, just paid less frequently). These payments were in cash.

21. There is no question that, as a matter of law, Plaintiff was a "non-exempt" employee entitled to overtime compensation for any hours worked over 40 hours in a workweek (regardless of a business desire to pay a flat rate per week or salary).[1] All non-exempt employees are required legally to be paid 1.5 times their normal 40-hour rate based on their 40-hour salary (in addition to the salary) if an employer elects to work the employee in excess of 40 hours in a workweek.

Despite Plaintiff's role, job, and duties indisputably being non-exempt, Defendants did not even attempt to abide by basic state or federal record-keeping as mandated by such laws.[2] Despite

---

[1] *See e.g. Verderame v. Radioshack Corp.*, 31 F.Supp. 3d 702, 708-709 (E.D. Pa. 2014)(§ 231.43(d)(3) of the PMWA mandates overtime be paid at a rate of time and one half times all hours of overtime worked over 40 in a workweek*). See also Turner v. Mercy Health System*, 2010 Phila. Ct. Com. Pl. LEXIS 146, 2010 WL 6761223 (Pa. Comm. Pl. Ct. 2010)(mandating payment of overtime under the PMWA at 1.5 times, not half time, explaining "upon review of 34 Pa.Code § 231.43(d) in its entirety, there is no exception to the definition of workweek, nor is there an exception to the requirement that employees who work more than 40 hours during the workweek are entitled to at least one and a half times their regular rate."); *Foster v. Kraft Foods Global, Inc.*, 285 F.R.D. 343 (W.D. Pa. 2012)(overtime under the PMWA must be paid at a rate one and half for every hour worked over 40 hours in a workweek); *Cerutti v. Frito Lay, Inc.,* 777 F. Supp. 2d 920 (W.D. Pa. 2011)(same)

[2] The FLSA imposes recordkeeping requirements on employers. *See* 29 U.S.C. § 211(c). As summarized by the Third Circuit, the FLSA "requires employers to maintain accurate records to ensure that all workers are paid the minimum wage for every hour worked." *Tri-County Growers, Inc.*, 747 F.2d at 128 (citing *Wirtz v. Williams*, 369 F.2d 783, 785 (5th Cir. 1966)). **The burden to keep accurate wage and time records lies with the employer**. *Dole v. Solid Waste Serv., Inc.*, 733 F. Supp. 895, 924 (E.D. Pa. 1989). Under the applicable regulations, the wage and time records must be preserved for a period of at least two years, and **must include**, *inter alia*, **the hours worked per day and week, as well as the daily starting and stopping time of individual employees**. 29 C.F.R. §§516.2(a)(7), 516.6(a)(1).

being a non-exempt employee, Defendants <u>did not</u>: (a) have Plaintiff punch in or out on any type of system; (b) make any effort to track Plaintiff's time or hours worked; or (c) use any mechanism or procedure to ensure proper pay of Plaintiff. [3]

22.     Plaintiff was never paid in 4 months for any overtime compensation; and additionally, the minimum wage guarantee (by law) in Pennsylvania is $7.25 per hour. In weeks in which Plaintiff worked close to or above 80 hours, he was not even paid minimum wage.

23.     In unpaid overtime and minimum wage violations, Plaintiff's actual damages are approximately $8,000.00. However, applicable law <u>mandates</u> that this sum be doubled for Defendants' non-payment contemporaneous to each workweek (as what is known as "liquidated damages").[4] Under state and federal wage laws, Plaintiff is therefore legally entitled to approximately <u>$16,000.00</u>.

---

[3] The failure to maintain records permits a *presumption* of correctness to plaintiff's *recollections* and allows for courts to fully adopt "estimates" of plaintiff's even if not precise. *See e.g. Awan v. Durrani*, 2015 U.S. Dist. LEXIS 86171 (E.D.N.Y. 2015)(summarizing overtime regulations, circuit jurisprudence, and explaining courts are free to accept employee "estimates" of overtime when an employer fails to maintain records elaborating that employers **cannot** simultaneously attempt to undercut what they failed to track).

[4] *See e.g. Solis v. Min Fang Yang*, 345 Fed. Appx. 35 (6th Cir. 2009)(Affirming award of liquidated damages explaining "under the Act, liquidated damages are compensation, not a penalty or punishment, and no special showing is necessary for the awarding of such damages. Rather, they are considered the norm and have even been referred to by this court as mandatory."); *Gayle v. Harry's Nurses Registry, Inc*., 594 Fed. Appx. 714, 718 (2d Cir. 2014)(Affirming award of liquidated damages explaining there is an automatic "presumption" of liquidated damages and "double damages are the **norm,** single damages the exception," as the burden to avoid liquidated damages is a "difficult burden."); *Haro v. City of Los Angeles*, 745 F.3d 1249 (9th Cir. 2014)(Affirming award of liquidated damages explaining they are the "norm" and "mandatory" unless the employer can establish the very "difficult burden" of subjective and objective attempts at FLSA compliance); *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 942 (8th Cir. 2008)(Affirming award of liquidated damages explaining that the employer mistakenly argues its non-compliance was not willful, misunderstanding the high burden to show affirmative steps of attempted compliance and research of the FLSA and separately that its diligence and belief in non-payment of overtime was also objectively reasonable.); *Chao v. Hotel Oasis, Inc.,* 493 F.3d 26 (1st Cir. 2007)(Affirming award of liquidated damages explaining that they will always be considered the "norm" in FLSA cases); *Lockwood v. Prince George's County,* 2000 U.S. App. LEXIS 15302 (4th Cir. 2000)(Affirming award of liquidated damages explaining they are the "norm" and that an employer may not take an ostrich-like approach and refuse to research its obligations under the FLSA and to objectively explain why it failed to comply with the FLSA); *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399 (7th Cir. 1999)(Reversing the district court for not awarding liquidated damages, as doubling unpaid overtime is the rule, not an exception); *Nero v. Industrial Molding Corp*., 167 F.3d 921 (5th Cir. 1999)(Affirming award of liquidated damages, as there is a presumption of entitlement to liquidated damages which are the norm).

24. This sum owed to Plaintiff of $16,000.00 in illegally withheld and/or non-paid wages **is separate and apart from costs, other penalties, and mandatory attorney's fees**. *See* 29 U.S.C. § 216(b)(a prevailing plaintiff "shall" be entitled to attorney's fees).

**(B) Plaintiff was subjected to a very hostile work environment on account of his race, ethnicity and ethnic characteristics.**

25. As stated above, Plaintiff is a Hispanic male who worked with all Indian management, staff and ownership. In addition to being completely exploited via labor and wage violations, Plaintiff was subjected to a very racially hostile work environment.

26. Defendants' management engaged in the following types of discriminatory commentary:

> (A) Plaintiff was told he should go back to his country, asked why he would come to the US, and other comments about his presence in the United States;
>
> (B) Plaintiff was repeatedly called <u>only by the name</u> of "Jose," a totally made-up name (not remotely close to his actual Hispanic name) given to Plaintiff by Defendants exhibiting a stereotype of Hispanics and attempting to offend Plaintiff;
>
> (C) Plaintiff was told he can't speak English, Defendant's don't understand him, and not to talk if he can't speak English right (even mocking Plaintiff's accent at times);
>
> (D) Plaintiff was told Hispanic people are dumb or not smart on various occasions; and
>
> (E) Other types of iterations of these discriminatory comments.

27. Defendants' management used these comments in front of each other to and about Plaintiff with no supervisor or owner ever preventing or remedying such concerns of discrimination. And not a single week went by where Plaintiff was not subjected to **at least 2-5 discriminatory comments** about his ethnicity, race or ancestral characteristics. They

discriminatory comments alone (apart from other treatment referenced below) were severe and pervasive.

28. It was not only discriminatory comments that comprised the hostile work environment, it was also the discriminatory treatment. By way of examples, Defendant's management: (a) literally got close to Plaintiff's face and yelled at him as if he were a child; (b) brought Plaintiff to tears based on negative treatment, at times intentionally laughing at him; and (c) would make Plaintiff go buy his own food outside the restaurant and eat lunch elsewhere while cooking only enough food and serving the Indian staff, personnel and management. The environment could not be nastier or more abusive, short of physical assault upon Plaintiff (which did not occur).

29. Despite being in dire need of income, Plaintiff was forced to quit his employment with Defendants due to such a hostile work environment resulting in his constructive discharge. It is well established that Hispanic individuals are protected under 42 U.S.C. § 1981 based upon their race (of being Hispanic) and from discrimination and (constructive) discharge. *See e.g. Mojica v. Advance Auto Parts, Inc.*, 2016 U.S. Dist. LEXIS 2890, at *10 (E.D. Pa. 2016)(any assertion by defendant that 42 U.S.C. § 1981 does not protect Hispanic people from discrimination or retaliation is simply wrong); *Rodriguez v. Am. PARTS Sys.*, C1986 U.S. Dist. LEXIS 17635, at *7 (E.D. Pa. 1986)(same); *Valentin v. Phila. Gas Works*, 2004 U.S. Dist. LEXIS 5262, at *15 n.3 (E.D. Pa. 2004)(same).

### Count I
### Violations of the Fair Labor Standards Act ("FLSA")
(Overtime & Minimum Wage Violations)
- Against All Defendants -

30. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

31. At all times relevant herein, Defendants have and continue to be employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203 ("FLSA").

32. At all times relevant herein, Defendants to this Action were responsible for paying wages to Plaintiff.

33. At all times relevant herein, Plaintiff was employed with Defendants as an "employee" within the meaning of the FLSA.

34. The FLSA requires covered employers, such as Defendants, to minimally compensate "non-exempt" employees, such as Plaintiff, 1.5 times the employee's regular rate of pay for each hour that the employee works over 40 in a workweek.

35. At all times during his employment with Defendants, Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

36. Throughout Plaintiff's employment with Defendant, Plaintiff was never paid overtime compensation. As outlined *supra*, Plaintiff is owed approximately $16,000.00, plus legal fees, costs, and other equitable and legal damages available.

37. Plaintiff also did not earn at least minimum wage as mandated under the FLSA, constituting minimum wage violations of the FLSA. And all actions by Defendants constitute willful violations of the FLSA, as is clear from intentional avoidance of state and federal laws in many ways.

**Count II**
**Violations of the Pennsylvania Minimum Wage Act ("PMWA")**
**(Overtime & Minimum Wage Violations)**
**- Against All Defendants -**

38. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39. Defendants' failure to pay overtime and minimum wage in the aforesaid manners also constitutes a violation of the PMWA.

### Count III
### Violations of 42 U.S.C. § 1981
### (Hostile Work Environment & Constructive Discharge)
### - Against All Defendants -

40. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

41. Plaintiff suffered from a hostile work environment and was separately constructively discharged in violation of 42 U.S.C. § 1981.

**WHEREFORE**, Plaintiff prays that this Arbitration enter an Order providing that:

A. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' wrongful actions, including but not limited to past lost earnings and unpaid wages / overtime compensation;

B. Plaintiff is to be liquidated and punitive damages as permitted by applicable law to deter Defendants or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate; and

D. Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees if permitted by applicable law

E. Plaintiff is to receive a trial by jury.

                    Respectfully submitted,

                    **KARPF, KARPF & CERUTTI, P.C.**

                    _____
                    Ari R. Karpf, Esq.
                    3331 Street Road
                    Building 2, Suite 128
                    Bensalem, PA 19020

Dated:  January 13, 2021        (215) 639-0801

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Juan Sergio Galicia Blanco :     CIVIL ACTION

v.

Gurus Indian Cuisine, LLC, d/b/a Guru's Indian Cuisine, et al. :     NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| 1/13/2021 | _/s/_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 155-04 8th Street, Howard Beach, NY 11414

Address of Defendant: 203 N. Sycamore Street, Newtown, PA 18940

Place of Accident, Incident or Transaction: Defendants place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1/13/2021  _____  ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

A. *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [X] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 1/13/2021  _____  ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
GALICIA BLANCO, JUAN SERGIO

**(b)** County of Residence of First Listed Plaintiff: Queens
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS
GURUS INDIAN CUISINE, LLC, D/B/A GURU'S INDIAN CUISINE, ET AL.

County of Residence of First Listed Defendant: Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**LABOR**
- [X] 710 Fair Labor Standards Act

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
"FLSA" (29USC201); Section 1981" (42USC1981)

Brief description of cause:
Violations of the FLSA, Section 1981 and applicable state law(s).

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: _____
DOCKET NUMBER: _____

DATE: 1/13/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____