IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JUAN SERGIO GALICIA BLANCO**  *Plaintiff,*  vs.  **GURUS INDIAN CUISINE, LLC** *d/b/a* **GURU'S INDIAN CUISINE**  -and-  **ASHNI KUMAR GURU**  -and-  **JOHN DOES 1-3**  *Defendants.* | No. 2:21-cv-00175-GEKP  CIVIL ACTION |

## ORDER OF FINAL DISMISSAL

**AND NOW**, this _____ day of _____, 2021, upon consideration of the Joint Motion for Approval of Settlement Under the Fair Labor Standards Act, it is hereby **ORDERED** and **DECREED** that the Joint Motion is **GRANTED**. The Settlement Under the Fair Labor Standards Act is hereby approved. It is further **ORDERED** that all of Plaintiff Juan Sergio Galicia Blanco's claims brought under the Fair Labor Standards Act and Pennsylvania Minimum Wage Act are **DISMISSED WITH PREJUDICE**, with attorneys' fees and costs included in the total settlement amount. The parties shall file a separate stipulation of dismissal for the remaining claims within _____ days of this Order.

BY THE COURT:

_____
Gene E.K. Pratter, U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JUAN SERGIO GALICIA BLANCO**<br><br>*Plaintiff,*<br><br>vs.<br><br>**GURUS INDIAN CUISINE, LLC** *d/b/a*<br>**GURU'S INDIAN CUISINE**<br>          -and-<br>**ASHNI KUMAR GURU**<br>          -and-<br>**JOHN DOES 1-3**<br><br>          *Defendants.* | No. 2:21-cv-00175-GEKP<br><br>CIVIL ACTION |

### REVISED JOINT MOTION FOR APPROVAL OF SETTLEMENT UNDER THE FAIR LABOR STANDARDS ACT

Plaintiff, Juan Sergio Galicia Blanco ("Plaintiff") and Defendants Guru's Indian Cuisine, LLC d/b/a Guru's Indian Cuisine, Ashni Kumar Guru, and John Does 1-3, by and through their respective undersigned counsel, jointly move for the approval of the settlement of Plaintiff's claims brought under the Fair Labor Standards Act and Pennsylvania Minimum Wage Act and rely on the factual and legal analysis set forth in the accompanying memorandum of law.

Dated: December 3, 2021

                                                Respectfully submitted,

                                                */s/ W. Charles Sipio*
                                                W. Charles Sipio, Esq.
                                                Allison A. Barker, Esq.
                                                KARPF, KARPF & CERUTTI, P.C.
                                                331 Street Road
                                                Two Greenwood Square
                                                Building 2, Suite 128
                                                Bensalem, PA 19020
                                                215-639-0801

*Counsel for Plaintiff*

*/s/ William P Mansour*_____
William P. Mansour, Esq.
Mansour Law, LLC
1101 W. Hamilton Street, Suite 205
Allentown, PA 18101
*Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JUAN SERGIO GALICIA BLANCO**<br><br>*Plaintiff,*<br><br>vs.<br><br>**GURUS INDIAN CUISINE, LLC** *d/b/a* **GURU'S INDIAN CUISINE**<br>        -and-<br>**ASHNI KUMAR GURU**<br>        -and-<br>**JOHN DOES 1-3**<br><br>*Defendants.* | No. 2:21-cv-00175-GEKP<br><br>CIVIL ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF THE REVISED JOINT MOTION FOR APPROVAL OF SETTLEMENT UNDER THE FAIR LABOR STANDARDS ACT**

The above-captioned matter involves claims brought by Plaintiff Juan Sergio Galicia Blanco ("Plaintiff") against Defendants Gurus's Indian Cuisine, LLC d/b/a Guru's Indian Cuisine, Ashni Kumar Guru, and John Does 1-3 (collectively referred to as "Defendants"), including claims for violations of the Fair Labor Standards Act ("FLSA"), Pennsylvania Minimum Wage Act ("PMWA"), 42 U.S.C. 1981 (Section 1981), and Title VII of the Civil Rights Act of 1964 ("Title VII"). Plaintiff and Defendants respectfully move for an order approving the settlement of Plaintiff's FLSA and PMWA claims (the "FLSA Settlement"). As discussed below, the FLSA Settlement warrants judicial approval.

**I.     Background**

Plaintiff, a Hispanic male, is a former employee of Defendants who began working in their kitchen on August 28, 2020, until he resigned on December 31, 2020.

On January 13, 2021, Plaintiff filed a complaint against Defendants asserting claims for unpaid overtime and failure to pay minimum wages under the PMWA, as well as race/national

origin related discrimination and retaliation under Section 1981. Plaintiff amended his complaint to include claims under Title VII on May 25, 2021 (ECF Doc. 11) after those claims administratively exhausted.

The parties engaged in settlement negotiations through each parties' counsel who are experienced in wage-and-hour matters. On June 29, 2021, Plaintiff and Defendants memorialized their agreement to settle attached hereto as "Exhibit A."

## II. Legal Argument

### A. General Principles Pertaining To Judicial Review of FLSA Settlements.

Although the Third Circuit Court of Appeals has not specifically addressed the standards to be applied in evaluating the fairness of an FLSA settlement, district courts within the Third Circuit Court have followed the position taken by the Eleventh Circuit Court of Appeals in Lynn's Food Stores, Inc. v. United States Department of Labor, 679 F.2d 1350, 1354-55 (11th Cir. 1982). See e.g. Cuttic v. Crozer-Chester Med. Cntr., 868 F. Supp. 2d 464, 466 (E.D. Pa. 2012). In Lynn's Food Stores, Inc., the Court held that court approval is required for settlements of claims brought under the FLSA pursuant to 29 U.S.C. § 216(b). 679 F.2d at 1354-55.

Judicial review of a proposed settlement agreement requires the court to examine the proposed settlement agreement of the parties and determine if it is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food Stores, Inc. 679 F.2d at 1355. Courts generally break this analysis down into three elements: (1) whether the settlement resolves a bona fide dispute; (2) whether the terms of the agreement are fair and reasonable to the employee; and (3) whether the terms of the agreement otherwise frustrate the implementation of the FLSA. Ogunlana v. Atl. Diagnostic Labs. LLC, No. 19-1545, 2020 WL 1531846, *3 (E.D. Pa. Mar. 31, 2020) (citation omitted).

**B. The Proposed Settlement Resolves A Bona Fide Dispute.**

A proposed settlement resolves a bona fide dispute if it 'reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute' and is not a 'mere waiver of statutory rights brought about by an employer's overreaching.'" McGee v. Ann's Choice, Inc., No. 12-2664; 2014 WL 2514582, at *2 (E.D. Pa. June 4, 2014) (quoting Lynn's Food Stores, 679 F.2d at 1354). "Typically, Courts regard the adversarial nature of a litigated FLSA case to be an adequate guarantor of fairness." Kauffman v. U-Haul Int'l, Inc., No. 16-4580, 2019 WL 1785453, at *2 (E.D. Pa. April 24, 2019). "In essence, for a bona fide dispute to exist, the dispute must fall within the contours of the FLSA and there must be evidence of the defendant's intent to reject or actual rejection of that claim when it is presented." Kraus v. PA Fit II, LLC, 155 F. Supp. 3d 516, 530 (E.D. Pa. Jan. 11, 2016).

Here, a bona fide dispute exists as to both Defendants' liability and Plaintiff's damages under the FLSA, as evidenced by the First Amended Complaint, and Defendants' Answer and Affirmative Defenses. Plaintiff claims Defendants failed to properly pay him overtime for hours worked over 40. Defendants assert that Plaintiff was properly paid for hours worked, and that he was not discriminated or retaliated against and was not constructively discharged. These arguments would have persisted through dispositive motion practice, with each side arguing their respective positions to the Court. Accordingly, the settlement resolves a bona fide dispute.

**C. The Proposed Settlement Is Fair And Reasonable.**

After determining that a bona fide dispute exists, the Court then must determine whether the proposed settlement provides a fair and reasonable resolution of that dispute. When determining whether a proposed settlement is fair and reasonable, district courts in this Circuit consider the nine-factor test for evaluating proposed class action settlement agreements established in Girsh v. Jepson, 521 F.2d 153, 157 (3d Cir. 1975). See e.g. Lyons, 2015 WL at *4. The Girsh

factors are: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing liability; (6) the risks of maintaining the class action through trial; (7) the ability of the defendant to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. Girsh, 521 F.2d at 157. No one factor is dispositive. Hall v. Best Buy Co., 274 F.R.D. 154, 159 (E.D. Pa. 2011). And because Girsh was a class action, some of the factors are of "little help, if not irrelevant in the single-plaintiff context." Howard v. Phila. Housing Auth., 197 F. Supp. 3d 773, 777 n.1 (E.D. Pa. 2016).

Here, application of the majority of the relevant Girsh factors compel a finding that the FLSA Settlement is fair and reasonable. As to Girsh factor 1 (complexity, expense, and likely duration of the litigation), as discussed above, the parties dispute whether Defendants properly paid Plaintiff for all hours worked. Continued litigation and discovery of those issues will be costly, complex, and time-consuming, as it would require numerous depositions of witnesses, including third parties no longer employed by Defendants.

As to Girsh factors 4, 5, 8, and 9 (the risks of establishing liability and damages and the range of reasonableness of the settlement in light of the best possible recovery and all the attendant risks of litigation), even if Plaintiff undertook the costly, complex, and lengthy discovery necessary to fully litigate this matter, he would still face the risk that she could not establish liability and damages. Even assuming that Plaintiff established liability at trial, Defendants assert that it acted in good faith and had objectively and subjectively reasonable grounds for believing its actions were in conformity with the FLSA. Moreover, Defendants will assert Plaintiff has no or minimal

4

damages, even if he could establish liability. Accordingly, the total settlement amount of $9500.00 allocated to the wage claims in this case is eminently reasonable, in light of the distinct possibility that Plaintiff may recover far less than the settlement amount after lengthy and expensive litigation.

As to Girsh factor 3 (stage of proceedings and amount of discovery completed), Plaintiff propounded written discovery. The settlement was reached by the parties each with a clear understanding and appreciation of their positions and the attendant risks and uncertainties of continued litigation in pursuing them. The parties entered into the FLSA Settlement Agreement (Exhibit A) after rigorous, arms-length negotiations in which they were each represented by counsel experienced in wage-and-hour matters. This further weighs in favor of a finding that the settlement is fair and reasonable. Based on the foregoing, the relevant Girsh factors are met.

Furthermore, the attorneys' fees award is reasonable. Courts within the Third Circuit generally apply the "percentage-of-recovery" method when assessing the reasonableness of attorneys' fees. See, e.g., Mabry v. Hildebrandt, No. 14-5525, 2015 WL 5025810, at *3 (E.D. Pa. Aug. 24, 2015). "[T]he percentage of recovery award in FLSA common fund cases ranges from roughly 20-45%." Id. at *4. Plaintiff's counsel fee award of $4616.61 falls well within that range, accounting for approximately 40% of the total recovery ($3800.00 in attorney's fees and $816.61[1] in costs).

"Fee awards in wage and hour cases are meant to 'encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." *Aros v. United Rentals, Inc. .,* Civ. A. No. 3:10–CV–73, 2012 WL 3060470, at *4 (D.Conn. July 26, 2012) (quoting *Sand v. Greenberg,* No. 08 Civ. 7840, 2010 WL 69359, at

---

[1] Office billing records indicate this reflects a $402.00 filing fee for this Court, $17.23 for postage, $2.10 for PACER fees, $5.28 for copying costs, $150.00 for interpreter services for the Plaintiff who primarily speaks Spanish, $132.00 in travel expenses for round trip mileage and parking and $108.00 related to service of a subpoena.

*3 (S.D.N.Y. Jan. 7, 2010)). In scrutinizing the fairness of FLSA settlements, and fees paid thereunder, Courts in this District have upheld similar contingency rates agreed upon between a plaintiff and his/her counsel as the contingency rate in the case at bar. In *Adams, et al. v. Bayview Asset Management, LLC*, Docket 13-CV-05967 (E.D. Pa. 2013) (Brody, J.), the Court approved a 40% contingency fee for eight (8) different single-plaintiff cases, conditioned upon the plaintiff's counsel representing via affidavit that the contingency fee agreement existed at the commencement of the representation to verify plaintiff's counsel bore all of the risk of loss by proceeding with such litigation. *Id*. at Docket Entries 7, 10, and 11. In *Messina et. al. v. Oxford Valley Cardiology Associates P.C. et. al*, Docket No.: 16-CV-01008 (E.D.Pa, 2016)(Ditter, J.), the Court approved a 40% contingency fees for five (5) different single-plaintiff cases, and in assessing fees noted, "I find the attorney's fees to be reasonable based on counsels' joint representation that the fees and costs incurred were proportional to the needs of the case and Plaintiffs' counsel's agreement not to seek payment for all services performed in order to facilitate the settlement of this dispute."). *Id.*, at Dkt. No.: 24; *Angela Edmondson v. Modern Group LTD.,et. al.* Docket 14-cv-6706 (E.D.Pa. 2015) (Kearny, J.) (Court approving contingency rate in single plaintiff FLSA case); *ee e.g.* Sorathia v. Fidato Partners, et al., No. 19-4253, Order of July 13, 2021, ECF Doc. 38 (approving an agreed upon 35% rate for Plaintiff's counsel after written discovery and the plaintiff's deposition and finding counsel risked non-compensation by taking the matter on as a contingency); Joseph Parris v. Creative Waste Solutions, LLC, et al. Docket No. 17-cv-3093 (E.D.Pa. 2018) (Hey, M.J.) (same); Holmquist v. EZ Homes, et al*.,* 2:17-cv-03800 (E.D. Pa. 2018) (DuBois, J.) (same); Ace Parks v. Creative Waste Solutions, LLC, et al. Docket No. 17-cv-2559 (E.D.Pa. 2018) (Pratter, J.) ("The Court also finds that the fee arrangement, where the representing attorney receives 40% of the settlement plus costs, to be fair and reasonable.") *Id.*, at Dkt. No.: 23.

6

Accordingly, the Court should find that the FLSA Settlement represents a fair and reasonable resolution of the bona fide dispute.

### D. The Settlement Does Not Frustrate The Implementation Of The FLSA.

Judicial review also requires determination of whether the settlement agreement furthers or "impermissibly frustrates" implementation of the FLSA in the workplace. Lyons v. Gerhard's Inc., No. 14-06693; 2015 WL 4378514, at *3 (E.D. Pa. July 16, 2015) (citations omitted). "'The congressional purpose of the FLSA and the public's interest in the transparency of the judicial process' require district courts to review FLSA settlements for 'the existence of side deals or other conditions not present on the face of the employer's offer, including constraints on employees beyond their full compensation under the FLSA.'" Ogunlana, No. 19-1545, 2020 WL at *6 (quoting Brumley v. Camin Cargo Control, Inc., No. 8-1798, 2012 WL 10109337, *2 (D.N.J. Mar. 26, 2012)).

Here, the Settlement Agreement does not frustrate the implementation of the FLSA. By way of the proposed Agreement, the release in question requiring approval only covers the disputed wage claims.

### III.   Conclusion

For the reasons stated above, the FLSA Settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. Accordingly, Plaintiff and Defendants respectfully request that the Court grant their Joint Motion and enter an order substantially in the form attached hereto, approving the FLSA Settlement and dismissing Plaintiff's wage claims. The parties will separately submit a stipulation of dismissal for Plaintiff's remaining claims in this action.

Dated: December 3, 2021

        Respectfully submitted,

        */s/ W. Charles Sipio*
        W. Charles Sipio, Esq.
        Allison A. Barker, Esq.
        KARPF, KARPF & CERUTTI, P.C.
        331 Street Road
        Two Greenwood Square
        Building 2, Suite 128
        Bensalem, PA 19020
        215-639-0801
        *Counsel for Plaintiff*


        */s/ William P Mansour*
        William P. Mansour, Esq.
        Mansour Law, LLC
        1101 W. Hamilton Street, Suite 205
        Allentown, PA 18101
        *Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date listed below I caused a true and correct copy of the foregoing Joint Motion For Approval of FLSA Settlement to be served via the Court's Electronic Case Filing System upon the following counsel of record:

William P. Mansour, Esq.
Mansour Law, LLC
1101 W. Hamilton Street, Suite 205
Allentown, PA 18101

*/s/ W. Charles Sipio*
W. Charles Sipio, Esq.

December 3, 2021