# Exhibit A

# **FLSA SETTLEMENT AGREEMENT AND WAIVER OF CLAIMS**

This Settlement Agreement and Waiver of Claims ("Agreement") is made and entered into by and between Juan Sergio Galicia Blanco ("Releasor") and Guru's Indian Cuisine, LLC d/b/a Guru's Indian Cuisine and Ashni Kumar Guru. (collectively, "Releasees").

**WHEREAS**, Releasor filed a Charge of Discrimination (Charge No. 530-2021-01951) with the U.S. Equal Employment Opportunity Commission ("EEOC") ("Charge"), against Releasees on or about February 5, 2021 alleging discrimination and hostile work environment based on race and national origin; and

**WHEREAS,** the EEOC issued Releasor a Notice of Right to Sue on or about April 30, 2021 in relation to the Charge; and

**WHEREAS,** Releasor filed a Complaint and First Amended Complaint against Releasees in the United States District Court for the Eastern District of Pennsylvania, Case No. 2:21-cv-00175-GEKP (the "Lawsuit"), alleging that he was denied minimum wage and overtime pay in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Pennsylvania Minimum Wage Act ("PMWA") 43 P.S. § 333.101, *et seq.* and that he was discriminated against on the basis of his race and national origin in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. § 1981, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*

**WHEREAS**, Releasees have denied and do deny each and every claim and allegation made by Releasor in the Charge and Lawsuit; and

**WHEREAS**, the Parties desire to fully and finally resolve any and all disputes between them under the FLSA and the PMWA, only, without the expense of further litigation, and to set forth their complete agreement and release of claims.

**NOW, THEREFORE**, with the intent to be legally bound hereby, and in consideration of the mutual promises contained herein, the receipt and adequacy of which is hereby acknowledged, the Parties agree as follows:

**1.     Releasees**

As used in this Agreement henceforth, "Releasees" shall at all times mean Guru's Indian Cuisine, LLC d/b/a Guru's Indian Cuisine and Ashni Kumar Guru and their parents, subsidiaries, affiliated companies and entities, successors, predecessors, assigns, and insurers; and each of the foregoing entities' or persons' respective divisions, officers, directors, shareholders, partners, limited partners, agents, employees, representatives, insurers, and assigns, past and present.

**2.     No Admission of Liability**

This Agreement shall not in any way be construed as an admission by Releasees that they acted wrongfully or failed to act lawfully with respect to Releasor, or any other person, or that

Releasor has any rights whatsoever against any of the Releasees. Releasees specifically disclaim any liability for any wrongful acts or omissions against Releasor or any other person, on the part of themselves, their employees and agents, past and present, and the Releasees. Neither this Agreement nor anything in it shall be admissible in any proceeding as evidence of any unlawful or wrongful conduct by any of the Releasees.

**3.     Consideration by Releasees**

(a)     Releasees agree to pay Releasor a total gross settlement amount of Nine Thousand Five Hundred and 00/100 Dollars ($9,500.00), to be distributed as follows:

(i)     One payment to Releasor in the gross amount of Four Thousand Eight Hundred and Eighty Three and 39/100 Dollars ($4883.39) to be reported on IRS Form 1099.

(ii)     A second payment to Releasor's counsel, Karpf, Karpf, and Cerutti, P.C., in the amount of Four Thousand Six Hundred and Sixteen and 61/100 Dollars ($4616.61). This payment represents Releasor's costs ($816.61) and reasonable attorneys' fees ($3800.00). Releasees will issue a Form 1099 to both Releasor and his counsel, Karpf, Karpf, and Cerutti, P.C., as to this amount.

(b)     Releasor and Karpf, Karpf, and Cerutti, P.C. shall each provide Releasees with an executed Form W-9 prior to receipt of the consideration described in Paragraph 3(a).

(c)     Releasees will make the payments set forth in Paragraph 3(a) within twenty-one (21) days after all of following have occurred:  (1) Releasor's delivery to counsel for Releasees of a fully executed original of this Agreement; (2) Releasor's delivery to counsel for Releasees of signed W-9 Forms for himself and Karpf, Karpf, and Cerutti, P.C.; (3) the expiration of the revocation period set forth in Paragraph 15(d) of this agreement without a revocation by Releasor; and (4) an order of court approving settlement of this case or otherwise dismissing this case, with prejudice **or** the filing of a stipulation of voluntary dismissal, with prejudice, under Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

(d)     Releasor agrees and represents that the payments set forth herein are a fair and reasonable compromise of all claims brought or that could have been brought by him in the Lawsuit.  Should Releasor hereafter sue any of the Releasees on any claim released in this Agreement, Releasor agrees that any alleged lost wages, compensatory damages, punitive damages, liquidated damages, interest, and attorneys' fees and costs do not exceed the consideration set forth in this Paragraph and that payment of this consideration by Releasees is a full accord and satisfaction with respect to any such claim(s).

(e)     Releasor also acknowledges and agrees that he is solely responsible for all tax obligations, if any, including but not limited to all reporting and payment obligations, which may arise as a consequence of this settlement.  Releasor will indemnify Releasees and hold them harmless for all taxes, penalties and interest, withholding or otherwise, for which Releasees may be found liable either as a consequence of having given the consideration to Releasor described in Paragraph 3 or the tax treatment thereof.  Releasor represents and agrees that he is not relying upon

the advice of the Releasees or their attorneys as to the legal, tax, or other consequences of this Agreement.

**4.     Complete Release of All FLSA, PMWA, and WPCL Claims, Known or Unknown**

(a)     As a material inducement for Releasees to enter into this Agreement, and in consideration of the covenants undertaken herein by Releasees, Releasor fully releases and forever discharges Releasees from any and all claims, known or unknown, that Releasor has, had, or may have against Releasees arising under the Fair Labor Standards Act; the Pennsylvania Minimum Wage Act; and the Pennsylvania Wage Payment and Collection Law (WPCL) from the beginning of time up to and including the date of this Agreement. Releasor does not waive any claim for unemployment compensation or workers' compensation benefits that he has pending at the time he executes this Agreement, as well as any claim that arises after the date he executes this Agreement.

(b)     Releasor agrees to release and discharge Releasees not only from any and all claims under the FLSA, PMWA, and WPCL which he could make on his own behalf, but he also specifically waives any right to become, and promises not to become, a member of any class in any proceeding or case in which a claim or claims against Releasees may arise, in whole or in part, from any act or event which occurred as of the effective date of this Agreement. The Parties agree that if Releasor, by no action of his own, becomes a mandatory member of any class from which he cannot or does not opt out, he waives any right to any monetary or other recovery obtained on behalf of such class.

(c)     Releasor does not release any claim that by law cannot be released by private agreement. Nothing in this Agreement precludes Releasor from filing a charge or complaint with any governmental agency or from participating or cooperating in any such matters; provided however, that Releasor waives any right to any monetary or other recovery should any governmental agency or other third party pursue any claims on Releasor's behalf, either individually, or as part of any collective action.

(d)     Except to enforce the provisions of this Agreement, should Releasor bring any claim, action, or suit on any matter covered by the release set forth in this Paragraph 4 against any Releasee, this Agreement may be asserted as a complete defense, and if that Releasee prevails, Releasor shall be responsible for paying the attorneys' fees and costs that the Releasee in question incurs in opposing such claim, in addition to any other relief to which such Releasee may be entitled.

(e)     Nothing in this Section 4 or in any other provision of this Agreement applies, or shall be construed as applying, to any other past or current employee of Releasees and this Agreement does not waive any rights, or release any claims, held by any person other than Releasor.

**5.     No Interference with Rights**

Nothing in this Agreement is intended to waive claims (i) for unemployment or workers' compensation benefits, (ii) for vested rights under ERISA-covered employee benefit plans as applicable on the date Releasor signs this Agreement, (iii) that may arise after Releasor signs this Agreement, or (iv) which cannot be released by private agreement.  In addition, nothing in this Agreement (a) limits or affects Releasor's right to challenge the validity of this Agreement, (b) prevents Releasor from filing a charge or complaint with or from participating in an investigation or proceeding conducted by the Equal Employment Opportunity Commission ("EEOC"), the National Labor Relations Board, or any other any federal, state or local agency charged with the enforcement of any laws, including providing documents or any other information, or (c) limits Releasor from exercising rights under Section 7 of the National Labor Relations Act to engage in protected, concerted activity with other employees, although by signing this Agreement she is waiving any right to individual relief (including back pay, front pay, reinstatement or other legal or equitable relief) in any charge, complaint, or lawsuit or other proceeding brought by her or on her behalf by any third party, except for any right she may have to receive a payment from a government agency (and not from Sheetz) for information provided to the government agency or otherwise where prohibited.

**6.     Pursuit of Released Claims and Dismissal of Charge, With Prejudice**

Releasor represents that he has not filed or caused to be filed any charge, lawsuit or complaint against Releasees other than the Lawsuit.  Releasor promises and agrees that, to the fullest extent permitted by law, he will never to file or prosecute a lawsuit or file a complaint based on the Charge and/or Lawsuit and the claims released by this Agreement. This Agreement is expressly conditioned upon the actual dismissal or withdrawal, with prejudice, of the Lawsuit.  If the court or Releasor fails to dismiss the Lawsuit, with prejudice, this Agreement shall be null and void.

**7.     No Re-Employment or Future Employment**

Releasor recognizes and agrees that any potential employment relationship with Releasees has been permanently and irrevocably severed, and he forever waives any and all claims or rights to re-employment or future employment with any Releasee.  Releasor specifically agrees that he will not at any time seek, apply for, or accept employment with any Releasee, whether as an employee, independent contractor, temporary worker, and/or through a temporary or staffing agency, and that any application for employment made by him may be rejected without any liability to any Releasee. A breach of this Paragraph by Releasor will constitute lawful and just cause for any Releasee to refuse to employ him or to terminate him if already employed, and Releasor will have no cause of action for such refusal or termination.

**8.     Warranties**

Releasor warrants that he has no known workplace injuries other than those he has already reported as of the date of his signature on this Agreement and that he has been paid and/or has received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits

4

to which he may be entitled, and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits are due to him except as provided in Paragraph 3 and/or any vested benefit Releasor may receive under any employee benefit plan.

**9.     Amendment**

This Agreement may not be modified, altered or changed except upon express written agreement of all Parties.

**10.    Governing Law**

This Agreement will be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania, without regard to its conflicts of laws provisions.

**11.    Entire Agreement**

This Agreement sets forth the entire agreement between the Parties, and it cancels and supersedes any and all prior agreements or understandings between the Parties pertaining to the subject matter of this Agreement.  This is an integrated document.

**12.    Effective Date**

This Agreement shall become effective following court approval of the same.

**13.    Counterparts**

This Agreement may be signed in one or more counterparts, which may be transmitted between the Parties by facsimile or electronic mail. A set of counterpart copies that collectively contains the signatures of all Parties shall constitute an original.

**PLEASE READ CAREFULLY. THIS SETTLEMENT AGREEMENT, GENERAL RELEASE AND WAIVER OF CLAIMS INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

**RELEASOR**:

_____     Date: _____
Juan Sergio Galicia Blanco

**RELEASEES:**

_____     Date: _____
o/b/o Guru's Indian Cuisine, LLC d/b/a
Guru's Indian Cuisine

Name: _____

Title: _____

_____     Date: _____
Ashni Kumar Guru